## HARRISON v. McCORMICK and Others.

### No. 9215; December 28, 1885.

#### 9 Pac. 114.

**Pleadings—Cross-complaint and Answer.—A Cross-complaint in an Action** must be as distinct and separate from the answer therein as any other independent pleading in the cause, and each must rest on its own merits.

**Pleading.—Where an Answer and Cross-complaint are Both Joined** in the same pleading, an objection thereto is deemed waived if the plaintiff consented in writing to allow such pleading to be filed and stand as defendant's answer and cross-complaint.

APPEAL from Superior Court, City and County of San Francisco.

Castlehun & Firebaugh for appellants; Craig & Meredith for respondent.

SEARLS, C.—This is an action to recover a balance due on a contract for the sale and delivery of fifty tons of coal. Plaintiff had judgment, and defendants appeal therefrom, and from an order denying a new trial, and from an order refusing to strike out plaintiff's cost bill.

We think this cause must be reversed and a new trial ordered.

Defendants filed what is denominated an "amended answer and cross-complaint," in which they first deny the allegations of the complainant and then proceed to set up matters, some of which, at least, if not all, might have been pleaded as a defense to the action, or as a counterclaim, or as a cross-complaint. The pleading closes by demanding affirmative relief, as in an ordinary cross-complaint. We should, under ordinary circumstances, decline to treat the pleading as a cross-complaint requiring to be answered, for the want of a separate and distinct setting out of the matters contained in it. A cross-complaint should be as distinct and separate from an answer in the same case as any other independent pleadings in the cause. Each must stand or fall upon its own merits. The very objections, however, which might otherwise be urged

to the pleading, seem to be waived in the acceptance of service by plaintiff's attorneys. Such acceptance reads as follows:

"Service of within admitted made this second day of December, 1882, and we consent that the same be filed and stand as and for defendant's answer and cross-complaint herein.

"CRAIG & MEREDITH,
"Plaintiff's Attorneys."

The parties having treated the pleading as a cross-complaint, we do not feel at liberty to strangle it because of its hybrid character. To this cross-complaint there is no answer on file. Treating its allegations as true, plaintiff was not entitled to a judgment. The judgment should be reversed, and leave granted the parties to amend their pleadings, if so advised, and for plaintiff to answer the cross-complaint.

We concur: Belcher, C. C.; Foote, C.

By the COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded, with leave to the respective parties to amend their pleadings, if so advised.